Kulbir SINGH, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 28, 2008.

Pardeep S. Grewal, Esq., Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ira A. Daves, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Cindy S. Ferrier, Esq., DOJ– U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM *

Kulbir Singh, a native and citizen of India who practices the Sikh religion and resided in Punjab, seeks review of the Board of Immigration Appeals' ("BIA") adoption and affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Where the BIA cites its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not disagree with any part of the IJ's decision, as here, the BIA adopts the IJ's decision in its entirety. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We therefore review the IJ's decision "as if it were that of the BIA." *Id.* at 1039 (quoting *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004)). Questions of law are reviewed de novo. *Kankamalage v. INS*, 335 F.3d 858, 861–62 (9th Cir.2003). Factual findings, including credibility determinations, are reviewed for substantial evidence. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995). Under the substantial evidence standard, we reverse the IJ only if "any

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ The adverse credibility finding is not supported by substantial evidence. To make an adverse credibility finding, the agency must identify "specific, cogent reasons" that are "substantial and legitimately connected to the finding." *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006) (citation omitted). Minor inconsistencies that do not relate to the basis of an applicant's fear of persecution, go to the heart of an asylum claim, or reveal anything about an applicant's fear for his safety cannot support an adverse credibility determination. *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) (citations omitted). None of the inconsistencies specified by the IJ and BIA go to the heart of Singh's asylum claim. Moreover, Singh's alleged vagueness cannot be grounds for an adverse credibility finding where the IJ did not ask for greater detail. *See Zahedi v. INS,* 222 F.3d 1157, 1167 (9th Cir.2000).

■ The IJ's finding that Singh's identity is disputed is similarly unsupported by substantial evidence. Where, as here, no legitimate reason exists to question the applicant's credibility, "we must reverse a finding that the applicant failed to meet his burden of proof because he did not provide corroborating evidence." *Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000) (per curiam).

■ Taking Singh's testimony to be true, a reasonable factfinder would be compelled to find that Singh suffered past persecution. The detentions and beatings he suffered, along with the burning of his restaurant, and threats from the police and militants cumulatively rise to the level of persecution. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004) (finding that

two arrests and repeated beatings constituted persecution); *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998) (noting that persecution "may be found by cumulative, specific instances of violence and harassment"). This persecution was committed both by the government—the police—and individuals apparently uncontrolled by the government—militants. The persecution was, moreover, on account of an imputed political opinion because the police undertook their persecution believing Singh to be connected with the militants, and the militants undertook their persecution believing Singh to be connected with the police. *See Agbuya v. INS,* 241 F.3d 1224, 1229 (9th Cir.2001).

Because Singh has established past persecution, he is entitled to a presumption of a well-founded fear of persecution, which the government may rebut by showing a preponderance of evidence that changed circumstances or relocation within India would prevent future persecution. *See Deloso v. Ashcroft,* 393 F.3d 858, 863–64 (9th Cir.2005); 8 C.F.R. § 208.13(b). Singh's demonstration of past persecution similarly creates a rebuttable presumption of a future threat to life or freedom for withholding of removal purposes. *See* 8 C.F.R. § 208.16(b)(1)(i). We remand under *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to allow the BIA to determine whether this presumption of a well-founded fear is rebutted.

Substantial evidence supports the finding that Singh has not shown that "it is more likely than not" he would be tortured upon return to India. *See* 8 C.F.R. § 208.16(c)(2).

For the reasons stated, the petition is GRANTED and the case is REMANDED.